UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAYOUB MARKETING, INC.,

                     Plaintiff,

  -v-

SEVEN SEAS TRADING CO., INC., d//b/a
VALLEY VIEW FARMS, ABRAHAM TAN,
in his individual capacity, and KAI WING
CHEUNG, in his individual capacity,

                     Defendants.

ORDER
04 Civ. 01881 (GBD)(HBP)

GEORGE B. DANIELS, District Judge:

    Plaintiff Dayoub Marketing, Inc. ("Dayoub") sued defendants for breach of contract as a result of defendants' failure to pay invoices for produce. This Court entered a default judgment against defendants for failure to respond to plaintiff's motion for summary judgment, and referred the matter to Magistrate Judge Pitman for an inquest on damages. Both sides attended the inquest hearing and submitted post hearing briefs.

    Magistrate Judge Pitman issued a Report and Recommendation ("Report") recommending that judgment be entered for Dayoub in the amount of $81,152.72 in damages, attorneys' fees, and costs, inclusive of interest through October 31, 2008.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v.

Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Pitman properly determined that Dayoub established defendants' liability for breach of contract.  The magistrate judge correctly concluded that defendants were liable for the following total damages:  $24,831.00 (principal owed on all invoices); $33,444.05 (interest owed on all invoices); $21,665.00 (reasonable attorney's fees paid by Dayoub); $768.67 (reasonable attorney's costs paid by Dayoub); and $150 (filing fee paid by Dayoub), minus $106.00 (produce inspection fee paid by Seven Seas).  He reasonably determined that the lodestar calculation for attorney's fees was appropriate in this case.  However, the magistrate judge properly concluded that since the record included insufficient evidence of the work performed by local counsel, Dayoub's request for attorneys' fees for the services provided by local counsel should be denied.  Magistrate Judge Pitman also found that defendants' offered no legal basis for their contention that no attorney's fees should be awarded to plaintiff as a sanction for plaintiff offering misleading information regarding open market sales.

In his report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Defendants' request for an extension to file objections was granted by the Court.  Defendants timely filed objections to the Report.  Dayoub submitted a response to defendants' objections to the Report.  Each of defendants' objections was raised before the magistrate judge and addressed in the report.  This Court has examined each of

defendants' objections and finds them to be without merit.

After carefully reviewing the Report, the Court finds that the report is not facially erroneous. Accordingly, the Court adopts the Report.

Dated: New York, New York
    March 31, 2009

SO ORDERED:

GEORGE B. DANIELS
United States District Judge